IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANIEL R. COOPER, (skype)# 402-216-0770;<br><br>             Plaintiff,<br><br>   vs.<br><br>DEPARTMENT OF THE ARMY, SECRETARY OF THE ARMY, John M. McHugh; ATTORNEY GENERAL OF THE UNITED STATES, ERIC HIMPTON HOLDERJR., UNITED STATES ATTORNEY FOR NEBRASKA, DEBORAH R. GILG,<br><br>             Defendants. | **4:13CV3086**<br><br>**ORDER** |

     Currently before me is the plaintiff's Motion to Deny, Motion to Dismiss, and Motion to Transfer Venue, ECF No. 21, which if construed as a response to the government's Motion to Dismiss, ECF No. 17, is out of time and no request for an extension of time was filed. The defendants have moved to strike the plaintiff's motion, ECF No. 22. I shall construe the plaintiff's filing as a motion to reconsider. However, in my Memorandum and Order on Defendants' Motion to Dismiss, or in the Alternative, Motion to Transfer Venue, ECF No. 20, I stated with specificity the reasons for my decision to have this matter transferred to the United States District Court for the Eastern District of Virginia as follows:

> The complaint alleges that the defendants are liable not only under the ADA and Title VII, but also under the No FEAR Act. (See Compl. at 7, ECF No. 1.) The No FEAR Act "does not create a substantive right for which the government must pay damages, but rather, it requires that federal agencies repay any discrimination or whistleblower damage awards out of agency funds rather than the General Fund of the Treasury." Glaude v. United States, 248 F. App'x 175, 177 (Fed. Cir. 2007). See also Alexidor v. United States Office of Personnel Management, No. 13-CV-4027, 2013 WL 4647528, at *2 (E.D.N.Y. August 29, 2013) (citing cases). Because the No FEAR Act does not provide Cooper with a private right of action, and because Cooper's remaining claims are brought under Title VII and the ADA, I find that venue is governed by the factors set forth in § 2000e-5(f)(3).
>
> As noted above, § 2000e-5(f)(3) lays venue for Cooper's claims a) in any judicial district in the state where the unlawful employment practice is alleged to have been committed; b) in the judicial district in which the employment records relevant to the alleged unlawful employment practice are maintained and administered; or c) in the judicial district in which Cooper would have worked but for the alleged unlawful employment practice. Section 2000e-5(f)(3) also states that "if the respondent is not

found within any such district, [the] action may be brought within the judicial district in which the respondent has his principal office."

The record establishes that none of the alleged unlawful employment practices occurred in the State of Nebraska; rather, they occurred in Asbach, Germany. Also, the evidence submitted by the defendants shows that the relevant records are administered in Ansbach, Germany, and not in the District of Nebraska. Finally, there is no indication that Cooper would have worked in the District of Nebraska but for the alleged unlawful employment practices. Thus, this action may only "be brought within the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e-5(f)(3).

Cooper has named the Army, Secretary of the Army John M. McHugh, the Attorney General of the United States, Eric Himpton Holder, Jr., the United States Attorney for Nebraska, and Deborah R. Gilg as defendants. (See Compl. at 1, ECF No. 1.) As I noted previously, however, the complaint includes no allegations whatsoever concerning these defendants. Moreover, it is well-established that the only proper defendant in an employment discrimination action by a federal government employee is the head of the relevant department, agency, or unit–in this case, the Secretary of the Army. 42 U.S.C. § 2000e-16(c). See also Warren v. Department of the Army, 867 F.2d 1156, 1158 (8th Cir. 1989); 29 U.S.C. § 794a(a)(1). I find that for the purposes of § 2000e-5(f)(3), "the respondent" in this action is Secretary of the Army John M. McHugh. The defendants have established that the Army's principal place of business is not located in the District of Nebraska, but rather at the Pentagon in Arlington, Virginia.

The plaintiff's Motion to Deny Dismissal or Change of Venue, ECF No. 21, does not support a finding that venue is proper in the District of Nebraska and is not persuasive that my order transferring this case to the United States District Court for the Eastern District of Virginia should be modified.

IT THEREFORE IS ORDERED that:

1. the plaintiff's Motion to Deny Dismissal or Change of Venue, ECF No. 21, is denied;

2. the defendant's Motion to Strike, ECF No.22, is denied as moot.

Dated January 13, 2014.

                                              BY THE COURT:

                                              _____
                                              Warren K. Urbom
                                              United States Senior District Court